■ US Bank National Association, as Trustee, Respondent, v Miguel Madero et al., Appellants, et al., Defendants. [5 NYS3d 105]—

In an action to foreclose a mortgage, the defendants Miguel Madero and Martha Madero appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 28, 2013, as, upon a decision of the same court dated November 15, 2012, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike their answer, and for an order of reference, and denied those branches of their cross motion which were pursuant to CPLR 3211 (a) to dismiss the complaint, for summary judgment dismissing the complaint, or for an immediate trial.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Miguel Madero and Martha Madero, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs.

Generally, "[i]n residential mortgage foreclosure actions, as here, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default" (*Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]; *see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). However, "[w]here the plaintiff is not the original lender and standing is at issue, the plaintiff seeking summary judgment must also provide evidence that it received both the mortgage and note by a proper assignment which can

be established by the production of a written assignment of the note or by physical delivery to the plaintiff of the mortgage and note" (*Midfirst Bank v Agho*, 121 AD3d at 347-348 [citations omitted]).

On its motion for summary judgment, the plaintiff had the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In support of its motion for summary judgment, the plaintiff submitted, inter alia, a copy of the note and the mortgage. The plaintiff also submitted an affidavit of Kyle N. Campbell, a Vice President of Loan Documentation for Wells Fargo Bank, N.A., successor by merger to Wells Fargo Home Mortgage, Inc. (hereinafter Wells Fargo), doing business as America's Servicing Company (hereinafter ASC), the servicing agent for the plaintiff. Based on his personal knowledge and his review of the pleadings and records maintained by Wells Fargo and ASC, Campbell provided a summary of relevant events, including the execution of the mortgage and the note, the transfer of the mortgage and the note to Wells Fargo, as custodian for the trust for which the plaintiff served as trustee, and the default in payments and amounts due.

However, the only bases for Campbell's assertions that the note and the mortgage were physically transferred to Wells Fargo as custodian for the trust on March 1, 2007, and that Wells Fargo was in physical possession of the note and the mortgage at the time this action was commenced, were documents in the possession of Wells Fargo and ASC. These records constituted hearsay (*see generally People v Goldstein*, 6 NY3d 119, 127 [2005]). Since Campbell failed to lay a proper foundation for the admission of these records under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), those of Campbell's assertions that were based on these records were inadmissible. Since the motion was predicated on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendants Miguel Madero and Martha Madero, and for an order of reference, without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit.