■ AURORA LOAN SERVICES, LLC, Appellant, v MARC MERCIUS, Respondent, et al., Defendants. [29 NYS3d 462]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated March 4, 2015, which denied its motion, inter alia, for summary judgment on the complaint, and granted the cross motion of the defendant Marc Mercius for summary judgment dismissing the complaint insofar as asserted against him for lack of standing and, in effect, to cancel the notice of pendency filed against the subject property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the defendant Marc Mercius for summary judgment dismissing the complaint insofar as asserted against him for lack of standing

and, in effect, to cancel the notice of pendency filed against the subject property, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the notice of pendency is reinstated.

The defendant Marc Mercius (hereinafter the defendant) executed a note dated October 17, 2006, in the amount of $558,000 in favor of MortgageIT, Inc. To secure repayment of the note, the defendant delivered to MortgageIT, Inc., a mortgage on certain property in Brooklyn. In February 2010, Aurora Loan Services, LLC (hereinafter the plaintiff), the assignee of the mortgage, commenced this foreclosure action, alleging that the defendant defaulted on the loan by failing to make the monthly payment due on September 1, 2009. In the order appealed from, the Supreme Court denied the plaintiff's motion, inter alia, for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him for lack of standing and, in effect, to cancel the notice of pendency filed against the subject property. We modify.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). "Where, as in this case, the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing" (*HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (*LNV Corp. v Francois*, 134 AD3d 1071, 1072 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). A plaintiff may demonstrate that it is the holder or assignee of the underlying note "by showing either a written assignment of the underlying note or the physical delivery of the note" (*U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]; *see Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898 [2d Dept 2016]).

Here, in support of its motion, the plaintiff attempted to demonstrate, prima facie, its standing by submitting the affidavit of Michael Woods, a vice president of Nationstar Mortgage, LLC (hereinafter Nationstar), the business to which the plaintiff allegedly delivered the subject note after the com-

mencement of the action. The purpose of Woods' affidavit was to establish that the plaintiff had physical possession of the note prior to the commencement of the action. However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Woods under the business records exception to the hearsay rule (see CPLR 4518 [a]). "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2015]; see Palisades Collection, LLC v Kedik, 67 AD3d 1329, 1331 [2009]). Woods, an employee of Nationstar, did not attest that he was personally familiar with the record keeping practices and procedures of the plaintiff (see Citibank, N.A. v Cabrera, 130 AD3d at 861; US Bank N.A. v Madero, 125 AD3d 757, 758 [2015]). Wood's assertions based on these records were inadmissible, and "[s]ince the motion was predicated on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law" (US Bank N.A. v Madero, 125 AD3d at 758). Furthermore, although there was evidence that Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for MortgageIT, Inc., assigned the mortgage and note to the plaintiff, the plaintiff failed to establish delivery or assignment of the note to MERS prior to the execution of the assignment (see Citibank, N.A. v Herman, 125 AD3d 587, 589 [2015]). Since the plaintiff failed to meet its prima facie burden, its motion was properly denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

However, the Supreme Court erred in granting the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him for lack of standing and to cancel the notice of pendency filed against the subject property. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied. To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60 [2015] [citations omitted]). Here, the defendant, as the moving party, failed to make a prima facie showing that the plaintiff lacked standing (see id. at 59-60). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.