■ LaSalle Bank, N.A., as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-HY3 Trust, Respondent, v Aryeh Zaks, Appellant, et al., Defendants. [29 NYS3d 514]—

In an action to foreclose a mortgage, the defendant Aryeh Zaks appeals from a judgment of foreclosure and sale of the Supreme Court, Rockland County (Garvey, J.), dated April 14, 2014, which, upon an order of the same court dated July 27, 2009, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint and to appoint a referee, among other things, directed the sale of the subject premises. By decision and order on motion dated February 3, 2015, this Court granted the renewed motion of the defendant Aryeh Zaks to stay the foreclosure sale of the subject premises pending hearing and determination of the appeal.

Ordered that the judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint and to appoint a referee is denied, and the order dated July 27, 2009, is modified accordingly.

In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Loancare v Firshing*, 130 AD3d 787, 788 [2015]; *Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176 [2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2015]). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff also must prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]). In a foreclosure action, a plaintiff has standing if it is either the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *see generally Emigrant Sav. Bank-Brooklyn/Queens v Doliscar*, 124 AD3d 831 [2015]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]).

Here, although the plaintiff produced the mortgage, the unpaid note, and evidence of default in support of that branch of its motion which was for summary judgment on the

complaint, it failed to establish that it had standing to commence this action. The evidence the plaintiff tendered did not establish either that the note was assigned to it prior to the commencement of the action or that the note was physically delivered to it prior to the commencement of the action (*see Bank of Am., N.A. v Paulsen*, 125 AD3d 909 [2015]; *U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 748 [2012]). Accordingly, the plaintiff was not entitled to summary judgment on the complaint and the appointment of a referee. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.