■ ONE WEST BANK, FSB, Respondent, v NICHOLAS F. ALBANESE III, Also Known as NICHOLAS ALBANESE, et al., Defendants, and DEBORA M. ALBANESE, Appellant. [30 NYS3d 337]—

In an action to foreclose a mortgage, the defendant Debora M. Albanese appeals, as limited by her brief, from so much of

an order of the Supreme Court, Westchester County (Connolly, J.), dated September 10, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and to appoint a referee to compute the amount due to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099 [2015]). "Where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must ultimately establish its standing to be entitled to relief" (*Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced" (*LNV Corp. v Francois*, 134 AD3d 1071, 1072 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]).

Here, the plaintiff established its entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellant's default (*see W & H Equities LLC v Odums*, 113 AD3d 840, 841 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]). Further, the plaintiff submitted an affidavit of its assistant secretary, who stated that the note, endorsed in blank, was physically delivered to the plaintiff on March 19, 2009. Through this affidavit, the plaintiff established, prima facie, that it had standing to prosecute this action because it had physical possession of the note prior to the January 2012 commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Wells Fargo Bank, N.A. v Rooney*, 132 AD3d at 981; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). In opposition, the appellant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and to appoint a referee to compute the amount due to the plaintiff. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.