■ Aurora Loan Services, LLC, Respondent, v Steven Baritz, Appellant, et al., Defendants. [41 NYS3d 55]—

In an action to foreclose a mortgage, the defendant Steven Baritz appeals (1) from a decision of the Supreme Court, Suffolk County (Rebolini, J.), dated August 12, 2014, and (2), as limited by his brief, from so much of an order of the same court, also dated August 12, 2014, as, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference, and, in effect, denied that branch of his cross motion which was for leave to amend his answer to assert certain counterclaims.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Steven Baritz and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Steven Baritz.

On May 27, 2005, the defendant Steven Baritz executed a note in the amount of $960,000 in favor of GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint). On the same date, to secure repayment of the note, Baritz executed a

mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for Green-Point, on property he owned in Lake Grove. Thereafter, the mortgage was assigned to the plaintiff. In April 2009, the plaintiff commenced this action to foreclose the mortgage, alleging that Baritz defaulted on his loan payments. Baritz answered the complaint and asserted as an affirmative defense that the plaintiff did not have standing to commence the action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Baritz and for an order of reference. Baritz cross moved, inter alia, for leave to amend his answer to assert certain counterclaims. The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Baritz and for an order of reference, and denied Baritz's cross motion. Baritz appeals.

Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case by producing the mortgage and the unpaid note, and evidence of the default (*see Wells Fargo Bank, N.A. v Morgan*, 139 AD3d 1046, 1048 [2016]; *Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016]; *LaSalle Bank, N.A. v Zaks*, 138 AD3d 788 [2016]). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must also prove its standing as part of its prima facie showing (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d at 899; *LaSalle Bank, N.A. v Zaks*, 138 AD3d at 788; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]). In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651). A plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment or physical delivery of the note (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651).

Here, the plaintiff failed to meet its prima facie burden to establish its standing. In support of its motion, the plaintiff relied on the affidavit of Jaclyn Holloway, an assistant secretary of Nationstar Mortgage, LLC (hereinafter Nationstar). Holloway alleged that, after the action was commenced, the plaintiff delivered the note to NationStar. She alleged that, "pursuant to the business records of [the plaintiff]," the plaintiff had physical possession of the note when it commenced the ac-

tion. However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Holloway under the business records exception to the hearsay rule (*see* CPLR 4518 [a]) since Holloway did not attest that she was personally familiar with the record-keeping practices and procedures of the plaintiff (*see U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *Citibank, N.A. v Cabrera*, 130 AD3d 861 [2015]). Consequently, Holloway's allegations based on those records were inadmissible (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]), and, therefore, insufficient to meet the plaintiff's prima facie burden to establish its standing (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *U.S. Bank N.A. v Handler*, 140 AD3d at 949; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *Citibank, N.A. v Cabrera*, 130 AD3d at 861; *US Bank N.A. v Madero*, 125 AD3d at 758).

The plaintiff could not rely on the affidavit of its vice-president to meet its prima facie burden since the affidavit was improperly submitted for the first time in its reply papers (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 985 [2015]; *Arriola v City of New York*, 128 AD3d 747, 749 [2015]; *Poole v MCPJF, Inc.*, 127 AD3d 949, 949-950 [2015]; *DiLapi v Saw Mill Riv., LLC*, 122 AD3d 896, 900 [2014]). Additionally, although the plaintiff submitted evidence that MERS, as nominee for GreenPoint, assigned the mortgage and note to the plaintiff before the action was commenced, the plaintiff failed to establish delivery or assignment of the note to MERS prior to its execution of the assignment (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d at 984; *Midland Mtge. Co. v Imtiaz*, 110 AD3d 773, 775 [2013]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against Baritz and for an order of reference, without regard to the sufficiency of Baritz's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The Supreme Court providently exercised its discretion in denying that branch of Baritz's cross motion which was for leave to amend his answer to assert certain counterclaims, as the proposed amendments were either patently devoid of merit or their belated addition would have prejudiced the plaintiff, and Baritz failed to offer a reasonable excuse for his nearly

five-year delay in seeking to add them (see *Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640 [2015]; *Brooks v Robinson*, 56 AD3d 406, 407 [2008]).

Baritz's remaining contention need not be reached in light of our determination. Eng, P.J., Balkin, Hall and Barros, JJ., concur. ▮