■ Aurora Loan Services, LLC, Respondent, v Manuel Ang et al., Appellants. [54 NYS3d 44]—

In an action to foreclose a mortgage, the defendants Manuel Ang and Loida Ang appeal from so much of an order of the Supreme Court, Queens County (Butler, J.), entered May 20, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, for an order of reference, and to amend the caption.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants, to strike the appellant's answer, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The defendants Manuel Ang and Loida Ang executed a note in favor of Continental Mortgage Bankers, Inc. (hereinafter Continental), and a mortgage on their property in favor of Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Continental. Thereafter, the mortgage was assigned to the plaintiff.

The plaintiff then commenced this action to foreclose the mortgage, alleging that the defendants defaulted on their loan payments. The defendants answered the complaint and asserted as an affirmative defense that the plaintiff did not have standing to commence the action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, for an order of reference, and to amend the caption. The Supreme Court granted those branches of the motion, and the defendants appeal from that determination.

Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must also prove its standing as part of its prima facie showing on a motion for summary judgment (see *Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016]; *LaSalle Bank, N.A. v Zaks*, 138 AD3d 788 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]). In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (see *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651). A plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment or physical delivery of the note (see *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651).

Here, the plaintiff failed to meet its prima facie burden to establish its standing. In support of its motion, the plaintiff relied on the affidavit of Kimberly Hastings, an assistant secretary of Nationstar Mortgage, LLC (hereinafter Nationstar). Hastings alleged that, after the action was commenced, the plaintiff delivered the note to Nationstar. She also alleged, based upon a review of "business records maintained by Nationstar Mortgage, LLC as successor in interest to [the plaintiff]," that the "[p]laintiff was in continuous possession of the note and mortgage since prior to the commencement of this action." However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Hastings under the business records exception to the hearsay rule (see CPLR 4518 [a]), since Hastings did not attest that she was personally familiar with

the plaintiff's record-keeping practices and procedures (*see Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *Citibank, N.A. v Cabrera*, 130 AD3d 861 [2015]). Thus, the plaintiff failed to establish, prima facie, that it had physical possession of the note at the time the action was commenced, so as to give it standing to commence the action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Aurora Loan Servs., LLC v Baritz*, 144 AD3d at 620).

Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.