■ AURORA LOAN SERVICES, LLC, Plaintiff, v REUVEN KOMAROVSKY et al., Appellants, et al., Defendants. NATIONSTAR MORTGAGE, LLC, Nonparty Respondent. [58 NYS3d 96]—

In an action to foreclose a mortgage, the defendants Reuven Komarovsky and Alexander Komarovsky appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated March 23, 2015, as granted those branches of the motion of nonparty Nationstar Mortgage, LLC, as assignee of the plaintiff, which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and denied their cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of nonparty Nationstar Mortgage, LLC, which were for summary judgment on the complaint insofar as asserted against the defendants Reuven Komarovsky and Alexander Komarovsky, to strike their answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In July 2004, Reuven Komarovsky borrowed the sum of $516,300 from Odyssey Funding, LLC (hereinafter Odyssey). As security for the obligation, Reuven Komarovsky and Alexander Komarovsky (hereinafter together the defendants) delivered to Odyssey a mortgage on real property located on 65th Street in Brooklyn. In May 2007, Reuven Komarovsky borrowed the additional sum of $146,960.48 from Odyssey, secured by a second mortgage on the subject property. The same year, the defendants executed a consolidation, extension, and modification agreement (hereinafter CEMA), and Reuven Komarovsky executed a consolidated note in the sum of $647,000. The defendants executed a consolidated mortgage as security for the consolidated loan.

In November 2009, Aurora Loan Services, LLC (hereinafter Aurora), commenced this action to foreclose the consolidated mortgage. Thereafter, Aurora allegedly assigned the consolidated mortgage and underlying instruments to nonparty Nationstar Mortgage, LLC (hereinafter Nationstar). After discovery, Nationstar moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted Nationstar's motion and denied the defendants' cross motion.

"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce 'the mortgage, the unpaid note, and evidence of default' " (*Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016], quoting *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (*see Flagstar Bank, FSB v Mendoza*, 139 AD3d at 899; *LaSalle Bank, N.A. v Zaks*, 138 AD3d 788 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]).

In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651). A plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment or physical delivery of the note (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651).

Here, Nationstar failed to meet its prima facie burden of establishing that Aurora had standing to commence the action. In support of its motion, Nationstar relied on the affidavit of Doris Raimundi, a vice president of Nationstar, who asserted that "pursuant to the business records of Aurora Loan Services, LLC, the original Note was held in its custody since September 23, 2009, prior to commencement of this action," and that the note had since been delivered to Nationstar. However, Nationstar failed to demonstrate the admissibility of the records relied upon by Raimundi under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), since Raimundi did not attest that she was personally familiar with Aurora's record-keeping practices and procedures (*see Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652). Inasmuch as Nationstar's motion was based on evidence that was not in admissible form, it failed to establish its prima facie entitlement to judgment as a matter of law (*see HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650 [2016]). Accordingly, the Supreme Court should have denied those branches of Nationstar's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.

The Supreme Court properly denied that branch of the defendants' cross motion which, in effect, sought summary judgment dismissing the complaint insofar as asserted against them for lack of standing. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied. To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015] [citations omitted]; *see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652). Here, the defendants, as the moving parties, failed to make a prima facie showing that Aurora lacked standing (*see Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 59-60).

In contrast, the defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them on the ground that Aurora failed to comply with RPAPL 1304. At the time the action was commenced, RPAPL 1304 applied to "high-cost," "subprime," and "non-traditional" home loans (L 2008, ch 472, § 2). Proper service of RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action pertaining to the loans specified therein (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 98 [2011]).

Here, the defendants demonstrated that Aurora served a RPAPL 1304 notice on Reuven Komarovsky only. Although only Reuven Komarovsky was identified as the "borrower" on the consolidated note, both Reuven Komarovsky and Alexander Komarovsky executed the CEMA, are collectively defined in the CEMA as "borrower," and mutually agreed, under that definition as "borrower," to "take over all of the obligations" under the consolidated note. Moreover, the CEMA provided that "[i]f more than one person signs this Agreement as Borrower, each of us is fully and personally obligated to keep all of Borrower's promises and obligations contained in this Agreement," and the "Note Holder" was entitled to enforce its rights against each signatory individually. Thus, the record is sufficient to establish that Alexander Komarovsky was a "borrower" within the meaning of RPAPL 1304 (1) (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 105).

Additionally, the defendants established, prima facie, that the instant loan was a "non-traditional home loan" (L 2008, ch 472, § 2). It is undisputed that the loan, which was an interest-

only loan consummated prior to September 1, 2008, was a "nontraditional" loan, as that term was defined by the statute at the time this action was commenced (L 2008, ch 472, § 2). Further, the defendants demonstrated, prima facie, through evidence that the "borrower" Alexander Komarovsky lived at the subject premises as his primary residence and the averments of Reuven Komarovsky that a portion of the proceeds were used to perform repairs on the subject premises and for other personal and family uses, that the loan was a "home loan" (L 2008, ch 472, § 2).

However, in opposition, Nationstar raised a triable issue of fact as to whether the subject loan was a "home loan" (L 2008, ch 472, § 2). In particular, in light of certain written statements made by Reuven Komarovsky when he applied for the loan, there is a triable issue of fact as to whether the proceeds of the loan were, in fact, used for "personal, family, or household purposes," or whether they were used for investment purposes (L 2008, ch 472, § 2). Thus, the defendants were not entitled to summary judgment on the ground that Aurora failed to comply with RPAPL 1304.

In light of our determination, we need not reach the defendants' remaining contention. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.