HSBC Bank USA, N.A. v Ehrenthal (2018 NY Slip Op 01046)





HSBC Bank USA, N.A. v Ehrenthal


2018 NY Slip Op 01046


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-02243
 (Index No. 9308/09)

[*1]HSBC Bank USA, National Association, as trustee for MHL 2007-2, respondent, 
v
Samuel Ehrenthal, et al., appellants, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Michael Dachs of counsel), for appellants.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Chenxi Jiao of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered January 26, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Samuel Ehrenthal and Frimet Ehrenthal, to dismiss the affirmative defenses of those defendants, in effect, for leave to amend the caption to name HSBC Bank USA National Association, as trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates, as the plaintiff, and for an order of reference, and denied the cross motion of the defendants Samuel Ehrenthal and Frimet Ehrenthal for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Samuel Ehrenthal and Frimet Ehrenthal, to dismiss the affirmative defenses of those defendants, in effect, for leave to amend the caption to name HSBC Bank USA, National Association, as trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates, as the plaintiff, and for an order of reference, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2007, the defendant Samuel Ehrenthal borrowed $800,000 from 25 MortgageIT, Inc. (hereinafter MortgageIt). The note and mortgage on the subject property were delivered to Mortgage Electronic Registration Systems, Inc., as nominee for MortgageIT. The mortgage was subsequently securitized and assigned to HSBC Bank USA, National Association, as trustee for MHL 2007-2 (hereinafter the plaintiff).
In August 2009, the plaintiff commenced this mortgage foreclosure action against, among others, Samuel Ehrenthal and his wife Frimet Ehrenthal (hereinafter together the defendants). [*2]After the defendants served an answer raising the issue of standing to sue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' affirmative defenses, in effect, for leave to amend the caption to name HSBC Bank USA, National Association, as trustee for MortgageIT Securities Corp. Mortgage Loan Trust, Series 2007-2, Mortgage Pass-Through Certificates (hereinafter HSBC), as the plaintiff, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. The Supreme Court granted the motion and denied the cross motion.
Where, as here, a plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899; LaSalle Bank, N.A. v Zaks, 138 AD3d 788; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651). In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; One W. Bank, FSB v Albanese, 139 AD3d 831, 832; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 651).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence the action. In support of its motion, the plaintiff relied upon the affidavit of Mahilet Ayalew, a vice president of the loan servicer, who stated that HSBC had possession of the note prior to and at the time of the commencement of the action. In the absence of an allegation and evidence that HSBC was the same entity as the plaintiff, that affidavit was insufficient to establish standing.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to dismiss the defendants' affirmative defenses, in effect, for leave to amend the caption to name HSBC as the plaintiff, and for an order of reference.
The Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652). Here, the defendants, who merely relied upon the plaintiff's submissions, failed to make a prima facie showing that the plaintiff lacked standing (see Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 59-60).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court