OneWest Bank, FSB v Berino (2018 NY Slip Op 01318)





OneWest Bank, FSB v Berino


2018 NY Slip Op 01318


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-06958
2016-06959
 (Index No. 61472/13)

[*1]OneWest Bank, FSB, respondent, 
v
Kenneth Berino, et al., appellants, et al., defendants.


Jeffrey I. Klein, White Plains, NY, for appellants.
Ras Boriskin, LLC (Druckman Law Group PLLC, Westbury, NY [Lisa M. Browne and Paul Bierman], of counsel), for respondent.



DECISION & ORDER
Appeals from a decision of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 27, 2016, and an order of that court, also dated May 27, 2016. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kenneth Berino and Eva Berino, to strike their answer, and for the appointment of a referee to compute the amount due under a note and mortgage, and, in effect, denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Kenneth Berino and Eva Berino, to strike their answer, and for the appointment of a referee to compute the amount due under the note and mortgage, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In March 2003, the defendants Kenneth Berino and Eva Berino (hereinafter together the Berino defendants) borrowed the sum of $322,700 from IndyMac Bank, F.S.B. (hereinafter IndyMac). The loan was memorialized by a note and secured by a mortgage on certain real property in New Rochelle. The Berino defendants allegedly defaulted on the loan by failing to make the payment due on June 1, 2010. Thereafter, the Federal Deposit Insurance Corporation (hereinafter the FDIC), as receiver for IndyMac Federal Bank, FSB, successor by merger to IndyMac, assigned the mortgage, together with the note, to OneWest Bank, FSB (hereinafter OneWest).
In February 2011, OneWest commenced an action to foreclose the mortgage against, [*2]among others, the Berino defendants. The Berino defendants interposed an answer, and moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. In an order dated September 4, 2012, the Supreme Court granted that branch of the Berino defendants' motion.
In June 2013, OneWest commenced this action to foreclose the same mortgage. After the Berino defendants joined issue, OneWest moved, inter alia, for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for the appointment of a referee to compute the amount due. The Berino defendants opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, for lack of standing. The Supreme Court granted those branches of OneWest's motion and denied the Berino defendants' cross motion. The Berino defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, "[w]here, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief" (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [internal quotation marks omitted], affd 25 NY3d 355). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; U.S. Bank N.A. v Handler, 140 AD3d 948, 949). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, OneWest failed to meet its prima facie burden of establishing that it had standing as the holder or assignee of the note at the time it commenced the action (see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852). In support of its motion, OneWest submitted the affidavit of Jillian Thrasher, an employee of its loan servicer, who averred that OneWest was the holder of the note, which is endorsed in blank, and assignee of the mortgage at the time the action was commenced. However, OneWest failed to demonstrate the admissibility of the records that Thrasher relied upon under the business records exception to the hearsay rule (see CPLR 4518[a]), since she did not attest that she was personally familiar with OneWest's record-keeping practices and procedures (see Arch Bay Holdings, LLC v Albanese, 146 AD3d at 853; Aurora Loan Serv., LLC v Baritz, 144 AD3d 618, 620; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685; U.S. Bank N.A. v Handler, 140 AD3d at 949; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652). Insofar as the Supreme Court reached its determination that OneWest had standing by, sua sponte, "independently tak[ing] judicial notice of the FDIC website," this Court has repeatedly cautioned against such independent Internet investigations, especially when conducted without providing notice or an opportunity for the parties to be heard (see First United Mtg. Banking Corp. v Lawani, 147 AD3d 912, 913; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 818). Since OneWest failed to meet its prima facie burden, the court should have denied the subject branches of its motion without regard to the sufficiency of the Berino defendants' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Nevertheless, the Supreme Court properly denied the Berino defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them for lack of standing, as they failed to make a prima facie showing that OneWest lacked standing (see Filan v Dellaria, 144 AD3d 967, 975; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60).
The Berino defendants' remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court