Nationstar HECM Acquisition Trust 2015-2 v Andrews (2018 NY Slip Op 08944)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Nationstar HECM Acquisition Trust 2015-2 v Andrews

2018 NY Slip Op 08944

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00563
(Index No. 1129/17)

[*1]Nationstar HECM Acquisition Trust 2015-2, etc., respondent, 
vBetty Andrews, etc., appellant, et al., defendants.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Laurence P. Chirch of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Betty Andrews appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated December 6, 2017. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim to cancel and discharge the subject mortgage, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, and to strike her answer.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Betty Andrews and to strike her answer, and substituting therefor a provision denying those branches of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2010, the defendant Betty Andrews (hereinafter the defendant), borrowed the principal sum of $390,000. The loan was evidenced by a note and secured by a home equity conversion mortgage, also known as a reverse mortgage, encumbering certain real property in Roosevelt.
In February 2017, the plaintiff commenced this action to foreclose the reverse mortgage, alleging a failure to pay taxes and/or insurance premiums due with respect to the subject premises. The defendant interposed an answer asserting various affirmative defenses and a counterclaim to cancel and discharge the reverse mortgage, inter alia, for failure to comply with Real Property Law § 280-a. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint and to strike the defendant's answer. The Supreme Court, among other things, denied the defendant's motion and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike the defendant's answer. The defendant appeals from those portions of the court's order.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against her, as her evidentiary submissions failed to eliminate all triable issues of fact (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 772).
We also agree with the Supreme Court's denial of that branch of the defendant's motion which was for summary judgment on her counterclaim to cancel and discharge the reverse mortgage. Contrary to the defendant's contention, the subject reverse mortgage loan, which did not provide for payments to the mortgagor beyond the initial advancement of principal at closing, was a tenure reverse mortgage exempt from the requirements of Real Property Law § 280-a(2)(b).
The Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer. Generally, "[i]n a residential mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default" (Onewest Bank, N.A. v Mahoney, 154 AD3d at 771; see James B. Nutter & Co. v Feintuch, 164 AD3d 485). However, where, as here, a defendant places standing in issue, the plaintiff must also prove its standing in order to be entitled to relief (see Onewest Bank, N.A. v Mahoney, 154 AD3d at 771). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Onewest Bank, N.A. v Mahoney, 154 AD3d at 771).
Here, in support of its cross motion, the plaintiff submitted, among other things, the affidavit of Stephen Craycroft, an assistant secretary of Nationstar Mortgage, LLC, who attested that the plaintiff was in possession of the note at the time of the commencement of this action. However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Craycroft under the business records exception to the hearsay rule (see CPLR 4518[a]), since Craycroft did not clearly attest that he was personally familiar with the plaintiff's record-keeping practices and procedures (see Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 926; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 853; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685; U.S. Bank N.A. v Madero, 125 AD3d 757, 758; cf. Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 663-664). Inasmuch as the plaintiff's cross motion was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650; U.S. Bank N.A. v Madero, 125 AD3d at 758).
Contrary to the plaintiff's contention, the copy of the note annexed to the summons and complaint was insufficient to demonstrate, prima facie, its standing to commence the action, since the note bore a specific endorsement to an entity other than the plaintiff (see UCC 1-201[b][21]; US Bank, N.A. v Zwisler, 147 AD3d 804).
Accordingly, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and to strike her answer should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court