Deutsche Bank Natl. Trust Co. v Lee (2019 NY Slip Op 02313)





Deutsche Bank Natl. Trust Co. v Lee


2019 NY Slip Op 02313


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-10780
 (Index No. 705969/15)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Jung Lee, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven A. Biolsi of counsel), for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jung Lee and Jae Myung Lee appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 28, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Jung Lee and Jae Myung Lee, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff are denied.
The plaintiff commenced this action against Jung Lee and Jae Myung Lee (hereinafter together the defendants), among others, to foreclose a mortgage secured by certain real property located in Queens. The defendants interposed an answer which asserted, among other things, that the plaintiff lacked standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due to the plaintiff. The defendants opposed the motion. By order entered July 28, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default'" (Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899, quoting Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Flagstar Bank, FSB v Mendoza, 139 AD3d at 899; LaSalle Bank, N.A. v Zaks, 138 AD3d 788; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651).
In a foreclosure action, a plaintiff has standing if it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; One W. Bank, FSB v Albanese, 139 AD3d 831, 832; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 651). A plaintiff may demonstrate that it is the holder or assignee of the [*2]underlying note by showing either a written assignment or physical delivery of the note (see Aurora Loan Servs., LLC v Mercius, 138 AD3d at 651).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence the action. In support of its motion, the plaintiff relied on the affidavit of Gabriel De Souza, a contract management coordinator for Ocwen Loan Servicing, LLC (hereinafter Ocwen), which serviced the subject mortgage for the plaintiff. De Souza indicated that his knowledge of this case was based on his "review of the business records," and asserted that the plaintiff was "in possession of the Note at the time of commencement of this action." He did not indicate that the business records of the plaintiff had been incorporated into Ocwen's business records. Moreover, the plaintiff failed to demonstrate the admissibility of the assertions made by De Souza or the records relied upon by him under the business records exception to the hearsay rule (see CPLR 4518[a]; Bank of New York Mellon v Gordon, _____ AD3d _____ [decided herewith]; Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 926; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685; U.S. Bank N.A. v Handler, 140 AD3d 948, 949; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652). Inasmuch as the plaintiff's motion was based on evidence that was not in admissible form, it failed to establish its prima facie entitlement to judgment as a matter of law (see HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 652). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to determine the amount due to the plaintiff.
In light of our determination, we need not reach the defendants' remaining contentions.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court