US Bank N.A. v McQueen (2020 NY Slip Op 07423)





US Bank N.A. v McQueen


2020 NY Slip Op 07423


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-13588 
2019-00811
 (Index No. 3491/09)

[*1]US Bank National Association, etc., respondent,
v
Rhonda McQueen, et al., appellants, et al., defendants.


Law Office of Gregory Bitterman, Wallkill, NY (Gregory Bitterman of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Rhonda McQueen and Robert McQueen appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 4, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, entered November 27, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Rhonda McQueen and Robert McQueen, striking the answer of those defendants, and for an order of reference are denied, and the order entered October 4, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Rhonda McQueen and Robert McQueen.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On June 3, 2005, the defendant Rhonda McQueen (hereinafter Rhonda) executed a promissory note in the amount of $345,000 in favor of Downey Savings and Loan Association, F.A. (hereinafter Downey). As security for the note, Rhonda and the defendant Robert McQueen [*2](hereinafter together the defendants) executed a mortgage in favor of Downey encumbering certain real property located in Baldwin. Rhonda allegedly defaulted on the loan by failing to make the monthly installment payment due July 1, 2008.
By summons and complaint dated February 25, 2009, Downey commenced this action to foreclose the mortgage against, among others, the defendants. Issue was joined by the service of the defendants' answer dated March 24, 2009. On April 20, 2009, Downey assigned the note to the plaintiff.
As relevant to this appeal, by notice of motion dated August 4, 2015, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered October 4, 2017, the Supreme Court, among other things, granted the plaintiff's motion. An order of judgment and foreclosure and sale was entered November 27, 2018, inter alia, confirming the referee's report and directing the sale of the subject property. The defendants appeal.
In support of that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. At the time the action was commenced, RPAPL 1304 applied only to "high-cost," "subprime," and "non-traditional" home loans (former RPAPL 1304[1], as added by L 2008, ch 472, § 2). "Proper service of RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action pertaining to the loans specified therein" (Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 927).
Contrary to the plaintiff's contention, on its motion for summary judgment, it had the burden to establish, prima facie, that RPAPL 1304 did not apply to the subject loan (see Emigrant Mtge. Co., Inc. v Persad, 117 AD3d 676, 677) and it failed to meet its burden.
Since the plaintiff failed to provide evidence of the actual mailing by either certified mail or first-class mail, "or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866 [internal quotation marks omitted]), it failed to establish, prima facie, that it complied with RPAPL 1304. Since the plaintiff failed to satisfy its prima facie burden with respect to RPAPL 1304, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendants' remaining contentions.
SCHEINKMAN, P.J., DILLON, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court