■ HSBC BANK USA, NATIONAL ASSOCIATION, Respondent, v ARLENE GILBERT et al., Appellants, et al., Defendants. [991 NYS2d 358]—

In an action to foreclose a mortgage, the defendants Arlene Gilbert and James Coffey appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 30, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants is denied.

On or about May 14, 2005, the defendant Arlene Gilbert executed a note to borrow the sum of $227,500 from Homebridge Mortgage Bankers Corp. The note was secured by a mortgage executed by Gilbert and the defendant James Coffey (hereinafter together the appellants). The mortgage was subsequently assigned to the plaintiff and, when the appellants defaulted, the plaintiff commenced this action to foreclose the mortgage, alleging, inter alia, that it was the owner and holder of the note and the mortgage. The appellants asserted the plaintiff's lack of standing as an affirmative defense. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants, and the Supreme Court granted that branch of the motion.

In a mortgage foreclosure action, where the plaintiff's standing to commence the action is placed in issue by the defendant, the plaintiff must prove standing to be entitled to relief (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]). The plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]). Written assignment of the underlying note or physical delivery of the note prior to the commencement of the action is sufficient to transfer the obligation (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]). Once a promissory note is tendered to and accepted by an assignee, the mortgage passes as an incident to the note (*see Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). However, the assignment of a mortgage without assignment of the underlying debt is a nullity, and no interest is acquired by it (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]).

Here, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, because it did not eliminate triable issues of fact regarding whether it had standing as the lawful holder or assignee of the subject note on the date it commenced the action (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]).

Accordingly, the Supreme Court erred in granting that branch

of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.