■ WELLS FARGO BANK, N.A., Solely as Trustee for RMAC REMIC TRUST, SERIES 2009-9, Respondent, v MELVIN P. TALLEY, Appellant, et al., Defendants. [59 NYS3d 743]—

Appeal from an order of the Supreme Court, Orange County (Nicholas DeRosa, J.), dated September 4, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Melvin P. Talley and for an order of reference, and denied that branch of the defendant Melvin P. Talley's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Melvin P. Talley and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Melvin P. Talley.

In November 2006, Melvin P. Talley (hereinafter the defendant) borrowed the sum of $133,200 from Castle Point Mortgage (hereinafter Castle Point). The loan was evidenced by a note and secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), acting solely as nominee for Castle Point, encumbering real property in Middletown, New York. The defendant allegedly defaulted under the note by failing to make the installment payment due on July 1, 2009, and the monthly installment payments thereafter. Subsequently, in two written assignments, both dated March 31, 2010, the mortgage, "together with [the] note or notes therein described or referred to," allegedly were assigned by MERS, as nominee for Castle Point, to ACT Properties, LLC (hereinafter ACT), and from ACT to the plaintiff.

In December 2012, the plaintiff commenced this action to foreclose the mortgage. The defendant joined issue by service of an answer in which he generally denied the allegations and asserted various affirmative defenses, including lack of standing. After a mandatory foreclosure settlement conference, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground, among others, of lack of standing. In an order dated September 4, 2015, the Supreme Court granted the motion and denied the cross motion. The defendant appeals.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015] [internal quotation marks omitted]; *see Hudson City Sav. Bank v Genuth*, 148 AD3d 687 [2017]). Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725 [2017]; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *U.S. Bank, N.A. v Noble*, 144 AD3d 786 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 725; *U.S. Bank N.A. v Saravanan*, 146 AD3d 1010, 1011 [2017]; *Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d 861, 862 [2017]).

Here, the plaintiff failed to meet its prima facie burden of establishing its standing (*see Arch Bay Holdings, LLC v Albanese*, 146 AD3d 849 [2017]). In support of its motion, the plaintiff submitted the affidavit of Selena Mitcherson, a vice-president of the plaintiff's loan servicer. Mitcherson averred, based upon her review of the loan servicer's business records, that "prior [to] commencement and at all times thereafter," the plaintiff remained in possession of the original promissory

note, which bears an indorsement payable to the plaintiff's order and was "delivered to it, or its agent, on or about March 31, 2010." However, the plaintiff failed to demonstrate the admissibility of the records relied upon by Mitcherson under the business records exception to the hearsay rule (*see* CPLR 4518 [a]), since Mitcherson did not attest that she was personally familiar with the record-keeping practices and procedures of the plaintiff (*see Arch Bay Holdings, LLC v Albanese*, 146 AD3d at 853; *Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 685 [2016]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]). The plaintiff also failed to establish standing based upon the purported assignment of the note and mortgage from MERS to ACT, and then from ACT to the plaintiff. The record is devoid of proof of delivery or assignment of the note to MERS prior to its execution of the assignment to ACT (*see Arch Bay Holdings, LLC v Albanese*, 146 AD3d at 853; *Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 652; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Nevertheless, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for lack of standing. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied. To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015] [citations omitted]). Here, on his cross motion, the defendant failed to make a prima facie showing that the plaintiff lacked standing (*see Filan v Dellaria*, 144 AD3d 967, 975 [2016]; *Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d at 59-60). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.