Wells Fargo Bank, N.A. v Springer (2020 NY Slip Op 00176)





Wells Fargo Bank, N.A. v Springer


2020 NY Slip Op 00176


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02946
2017-02947
 (Index No. 1113/07)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Cecil Springer, et al., defendants; Contact Holdings Corp., intervenor-appellant.


Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Cameron E. Grant, Allison J. Schoenthal, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, intervenor Contact Holdings Corp. appeals from (1) an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated December 21, 2016, and (2) an order of the same court also dated December 21, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of intervenor Contact Holdings Corp. and for summary judgment dismissing its affirmative defense based on a lack of standing, and to appoint a referee to compute the amount due to the plaintiff. The second order, insofar as appealed from, granted the same relief, struck the answer of intervenor Contact Holdings Corp., and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of intervenor Contact Holdings Corp. and for summary judgment dismissing its affirmative defense based on a lack of standing, and to appoint a referee to compute the amount due to the plaintiff are denied.
On April 26, 2006, the defendant Cecil Springer executed a note in favor of Credit Suisse Financial Corporation, which was secured by a mortgage executed by Springer on property located in Brooklyn. On January 10, 2007, the plaintiff, Wells Fargo Bank, N.A., as assignee of the mortgage, commenced this action against Springer, among others, to foreclose the mortgage. The plaintiff obtained an order of reference in July 2007, but failed to proceed to a judgment of foreclosure and sale due to its "failure to provide the court with certain requested information." In October 2011, the property was conveyed to intervenor Contact Holdings Corp. (hereinafter Contact). In an order dated June 4, 2014, the Supreme Court, inter alia, granted the plaintiff's motion to vacate the July 2007 order of reference and granted Contact's cross motion for leave to intervene as a defendant in the action. Thereafter, Contact served an answer, in which it asserted [*2]various affirmative defenses, including that the plaintiff lacked standing. In November 2014, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike Contact's answer and for summary judgment dismissing its affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. The court, inter alia, granted those branches of the plaintiff's motion, and Contact appeals. 
Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Bank of Am., N.A. v Kljajic, 168 AD3d 659, 659-660; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence the action. In support of its motion, the plaintiff relied on the affidavit of Melissa Gallio, the Vice President of Loan Documentation for the plaintiff. Gallio stated that her knowledge of this case was based upon her review of "the books and records" maintained by the plaintiff, and asserted that the plaintiff was "in possession of the Note and Mortgage" "[a]s of January 10, 2007." However, Gallio's assertions as to the contents of the records were inadmissible hearsay to the extent that the records she purported to describe were not submitted with her affidavit (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; cf. Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). While a witness may read into the record from the contents of a document which has been admitted into evidence (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826-827), a witness's description of a document not admitted into evidence is hearsay (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d at 205-206; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike Contact's answer and for summary judgment dismissing its affirmative defense based on a lack of standing, and to appoint a referee to compute the amount due to the plaintiff, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court