Ocwen Loan Servicing, LLC v Schacker (2020 NY Slip Op 04313)





Ocwen Loan Servicing, LLC v Schacker


2020 NY Slip Op 04313


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-11573
 (Index No. 18656/09)

[*1]Ocwen Loan Servicing, LLC, etc., respondent,
v
Keith Schacker, et al., appellants, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Keith Schacker and Jennifer Schacker appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 27, 2018. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and directed the foreclosure sale of the subject property. The appeal brings up for review an order of the same court entered September 11, 2017, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Keith Schacker and Jennifer Schacker, to strike those defendants' answer, and to appoint a referee to compute the amount due and owing to the plaintiff, and referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Keith Schacker and Jennifer Schacker, to strike those defendants' answer, and to appoint a referee to compute the amount due and owing to the plaintiff are denied, and the order entered September 11, 2017, is modified accordingly.
In September 2009, OneWest Bank, FSB (hereinafter OneWest), commenced this action against Keith Schacker and Jennifer Schacker (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain property in Merrick. The defendants interposed an answer, alleging a variety of affirmative defenses including a lack of standing to commence the action. Thereafter, Ocwen Loan Servicing, LLC (hereinafter the plaintiff), which had been substituted in for OneWest as the plaintiff in the action, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due and owing to the plaintiff. By order entered September 11, 2017, the Supreme Court granted the plaintiff's motion and, among other things, referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff. The court subsequently entered an order and judgment of foreclosure and sale granting the plaintiff's motion to confirm the referee's report and directing the foreclosure sale of the subject property. The defendants appeal.
Contrary to the determination of the Supreme Court, the plaintiff did not establish its prima facie entitlement to judgment as a matter of law because it failed to submit adequate proof of its prima facie case in admissible form (see Zuckerman v City of New York, 49 NY2d 557, 562). Here, the plaintiff failed to show that OneWest had standing as the holder or assignee of the note at [*2]the time it commenced the action (see U.S. Bank N.A. v Laino, 172 AD3d 947; Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584). In a mortgage foreclosure action, a plaintiff seeking summary judgment must establish its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Talley, 153 AD3d at 584; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Additionally, where, as here, a defendant places standing in issue, it is incumbent upon the plaintiff to prove standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Homecoming Fin., LLC v Guldi, 108 AD3d 506, 508). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753). A "holder" is the person "in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see Deutche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). " Either a written assignment of the underlying note or the physical delivery of the note [to a holder] prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
In support of its motion, the plaintiff submitted the affidavit of a foreclosure specialist for Seterus, Inc. (hereinafter Seterus), which purports to be a subservicer for the Federal National Mortgage Association as assignee of the plaintiff as assignee of OneWest. The affidavit constitutes inadmissible hearsay, as the foreclosure specialist did not attest that he had personal knowledge of OneWest's business practices and procedures (see Wells Fargo Bank, N.A. v Talley, 153 AD3d at 585), or that any records provided by OneWest were incorporated into Seterus's own records (see State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296), and also did not submit any documents to show that OneWest possessed the note at the time of the commencement of this action (see CPLR 4518[a]; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633). Since the foreclosure specialist also failed to establish a foundation to show that he had personal knowledge as to whether OneWest possessed the note prior to commencement of the action (see CPLR 3212[b]; see generally Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 509), the plaintiff failed to establish its standing. The documents attached to the affirmation of counsel for the plaintiff are inadmissible hearsay as counsel failed to establish a foundation for admission of such documents as business records and the foreclosure specialist's affidavit does not reference the records attached to counsel's affirmation (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774). Moreover, even if a proper foundation for the admissibility of the business records had been established, the submitted documents do not show that OneWest had ownership of and the right to enforce the note at the time of the commencement of the action (see id.). The plaintiff also failed to show OneWest's standing based upon a purported written assignment of the mortgage from MERS to OneWest, as the plaintiff did not demonstrate that MERS had the authority to assign the note (see Homecoming Fin., LLC v Guldi, 108 AD3d at 509; Bank of N.Y. v Silverberg, 86 AD3d 274, 279).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and to appoint a referee to compute the amount due to the plaintiff, regardless of the sufficiency of the opposing papers (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court