HSBC Bank USA, N.A. v Gilbert (2020 NY Slip Op 07874)





HSBC Bank USA, N.A. v Gilbert


2020 NY Slip Op 07874


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-06750
2017-11653
2017-11654
2017-11655
2018-07196
 (Index No. 9436/09)

[*1]HSBC Bank USA, National Association, respondent,
v
Arlene Gilbert, et al., appellants, et al, defendants.


Marzano Lawyers PLLC, New York, NY (Naved Amed of counsel), for appellants.
Reed Smith LLP, New York, NY (Brian P. Matthews and Diane A. Bettino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Arlene Gilbert and James Coffey appeal from (1) an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated December 14, 2016, (2) an order of the same court dated April 17, 2017, (3) an order of the same court dated September 14, 2017, (4) an order of the same court, also dated September 14, 2017, and (5) a judgment of foreclosure and sale of the same court dated April 3, 2018. The order dated December 14, 2016, insofar as appealed from, directed a hearing on the issue of standing. The order dated April 17, 2017, after the hearing, found that the plaintiff had standing to proceed with the action. The first order dated September 14, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference. The second order dated September 14, 2017, also granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the order dated December 14, 2016, the order dated April 17, 2017, and both orders dated September 14, 2017, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the order dated April 17, 2017, is vacated, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference are denied, and the orders dated September 14, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeals from the order dated December 14, 2016, the order dated April 17, 2017, [*2]and both orders dated September 14, 2017, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
On or about May 14, 2005, the defendant Arlene Gilbert executed a note in the sum of $227,500 in favor of Homebridge Mortgage Bankers Corp. The note was secured by a mortgage executed by Gilbert and the defendant James Coffey (hereinafter together the appellants). An assignment of the mortgage to the plaintiff dated October 15, 2009, was recorded on November 19, 2009. The plaintiff commenced this action to foreclose the mortgage on November 25, 2009, alleging, inter alia, that Gilbert failed to comply with the conditions of the mortgage and note by failing to make the payment due on March 1, 2009. The appellants each served an answer asserting various affirmative defenses, including lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants, and in an order dated November 30, 2012, the Supreme Court, among other things, granted that branch of the motion. The appellants appealed from the order dated November 30, 2012, and this Court reversed the order insofar as appealed from, and denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants, finding that the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law because it did not eliminate triable issues of facts regarding whether it had standing as the lawful holder or assignee of the subject note on the date it commenced the action (see HSBC Bank USA, N.A. v Gilbert, 120 AD3d 756, 757).
In an order dated December 14, 2016, the Supreme Court denied the plaintiff's second motion for summary judgment and for an order of reference, scheduled a hearing on the issue of standing, and directed the plaintiff to produce the original loan documents or an attorney-certified copy of the loan documents, any witnesses who could testify to personal knowledge of the date of transfer and possession of the note, and any business records upon which such witnesses relied upon in attesting to possession of the note.
A hearing on the issue of the plaintiff's standing was held on April 4, 2017. At the hearing, the plaintiff offered the testimony of Beverly DeCaro, a loan verification consultant with Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the purported servicer and custodian of the loan, and entered into evidence certain exhibits which included, inter alia, lost note and lost security instrument affidavits. In an order dated April 17, 2017, after the hearing, the Supreme Court found that the plaintiff had standing to proceed with the action. Thereafter, by orders dated September 14, 2017, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference, and appointed a referee to compute the amount due the plaintiff. A judgment of foreclosure and sale, dated April 3, 2018, inter alia, directed the sale of the subject property.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; PNMAC Mtge. Opportunity Fund Invs., LLC v Torres, 175 AD3d 1335, 1336; Deutsche Bank Natl. Tr. Co. v Brewton, 142 AD3d 683, 684). "A holder is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 736 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). Here, the plaintiff failed to establish its status as a holder or assignee of the note at the time the action was commenced.
The only evidence offered by the plaintiff which purported to show that it was the holder of the note at the time the action was commenced was the testimony of DeCaro and plaintiff's Exhibit 7, a computer screen printout entered into evidence over objection at the hearing. DeCaro testified that her knowledge of this case was based upon her review of the books and records maintained by Wells Fargo, and asserted that Wells Fargo, as custodian for the plaintiff, was in possession of the note on the date of commencement of the action. However, DeCaro's assertions [*3]as to the contents of the records were inadmissible hearsay to the extent that the records she purported to describe were not properly admitted into evidence (see Wells Fargo Bank, N.A. v Springer, 179 AD3d 749; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774).
"There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank N.A. v Moulton, 179 AD3d 734, 738-739). Here, the only business record entered into evidence to support DeCaro's testimony that the plaintiff was in possession of the note on the date of commencement was plaintiff's Exhibit 7, a computer screen printout of a database tracking system. However, plaintiff's Exhibit 7 failed to evince the facts for which it was relied upon. More specifically, while DeCaro contended that the document demonstrated that Wells Fargo, as custodian for the plaintiff, received the note July 16, 2005, and that the note was in Wells Fargo's vault from July 2005 until December 2009, the document, in itself, failed to establish those facts.
Further, pursuant to UCC 3-804, which is intended to provide a method for recovering on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit due proof of the plaintiff's ownership of the note, the facts which prevent the plaintiff from producing the note, and the note's terms (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044). Here, the lost note affidavit, which failed to establish when the note was acquired and failed to provide sufficient facts as to when the search for the note occurred, who conducted the search, or how or when the note was lost, failed to sufficiently establish the plaintiff's ownership of the note (see Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 815; Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044-1045; US Bank N.A. v Richards, 155 AD3d 522, 524).
Since the plaintiff failed to demonstrate its ownership of the lost note or that it had standing as the lawful holder or assignee of the subject note on the date it commenced this action, the Supreme Court should not have determined, after the hearing, that the plaintiff had standing to proceed in the action, and should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference, regardless of the sufficiency of the appellants' opposition papers (see Wells Fargo Bank, N.A. v Meisels, 177 AD3d at 815; see also Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court