Deutsche Bank Natl. Trust Co. v Smartenko (2021 NY Slip Op 05948)





Deutsche Bank Natl. Trust Co. v Smartenko


2021 NY Slip Op 05948


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-05261
 (Index No. 10453/12)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Diana Smartenko, appellant, et al., defendants.


The Bernstein Law Firm, Brooklyn, NY (Michael I. Bernstein of counsel), for appellant.
Houser & Allison, APC, New York, NY (Daniel Park of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diana Smartenko appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 27, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Diana Smartenko, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 14, 2006, the defendant Diana Smartenko (hereinafter the defendant) executed a note in favor of IndyMac Bank, FSB, in the sum of $907,500, which was secured by a mortgage encumbering certain property owned by the defendant. In August 2012, the plaintiff, as the alleged holder of the note and mortgage, commenced this action to foreclose the mortgage against, among others, the defendant. The defendant filed an answer asserting, inter alia, an affirmative defense of lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order entered February 27, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and denied the defendant's cross motion. The defendant appeals.
"[W]here, as here, a defendant places the plaintiff's standing in issue, the plaintiff must prove its standing in order to be entitled to relief" (JPMorgan Chase Bank, N.A. v Austern, 193 AD3d 830, 831 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced" (HSBC Bank USA, N.A. v Gilbert, 189 AD3d 1377, 1379; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Haughton, 189 AD3d 1305, 1306). "A 'holder' is a person 'in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Ocwen Loan Servicing, LLC v [*2]Schacker, 185 AD3d 1041, 1043, quoting UCC 1-201[b][21][A]; see HSBC Bank USA, N.A. v Gilbert, 189 AD3d at 1379).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Finger, 195 AD3d 789, 791; Bayview Loan Servicing, LLC v Leibowitz, 185 AD3d 769, 771). Since standing was established by the annexation of the note to the complaint, the admissibility and sufficiency of an affidavit of an employee of the loan servicer is irrelevant (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128). Further, since the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362), the validity of an assignment of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d at 1128). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and denied the defendant's cross motion to dismiss the complaint insofar as asserted against her.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court