Bank of Am., N.A. v Barnett (2025 NY Slip Op 04861)

Bank of Am., N.A. v Barnett

2025 NY Slip Op 04861

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2019-01058
 (Index No. 55614/14)

[*1]Bank of America, N.A., respondent,
v
June Barnett, et al., appellants, et al., defendant.

Michael Kennedy Karlson, New York, NY, for appellants.
Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan and David Welch of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants June Barnett and Donovan Whyte appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 31, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated April 5, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants June Barnett and Donovan Whyte and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Westchester County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
In April 2014, the plaintiff commenced this action against the defendants June Barnett and Donovan Whyte (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Mount Vernon. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answers, and for an order of reference. The defendants opposed the motion. By order dated April 5, 2017, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion. By order and judgment of foreclosure and sale dated May 31, 2018, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a [*2]mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Gordon, 202 AD3d 872, 874 [citations and internal quotation marks omitted]).
RPAPL 1304(2) provides, in relevant part, that "[t]he notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from [the] department of financial services. The list shall include the counseling agencies' last known addresses and telephone numbers. The department of financial services shall make available on its websites a listing, by county, of such agencies. The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section."
CPLR 2001 provides that "[a]t any stage of an action, . . . the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." Here, where all five counseling agencies listed served the county in which the property was located, but one mistakenly listed the wrong county, and where the correct phone number and zip code were listed with respect to that agency, no substantial right of the defendants was prejudiced, and the Supreme Court properly disregarded the mistake pursuant to CPLR 2001 (cf. Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 99-100; U.S. Bank N.A. v Gordon, 202 AD3d at 874).
Generally, a plaintiff moving for summary judgment in a mortgage foreclosure action establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 802; HSBC Bank USA, NA v Thoppil, 227 AD3d 1056, 1057). Where, as here, the plaintiff's standing has been placed into issue by the defendants, the plaintiff also must prove its standing in order to be entitled to relief (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d at 802-803; HSBC Bank USA, NA v Thoppil, 227 AD3d at 1057). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; HSBC Bank USA, NA v Thoppil, 227 AD3d at 1057). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (HSBC Bank USA, NA v Thoppil, 227 AD3d at 1057 [internal quotation marks omitted]; see U.S. Bank N.A. v Haber, 230 AD3d 530, 532). "A 'holder' is the person 'in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession'" (Ocwen Loan Servicing, LLC v Schacker, 185 AD3d 1041, 1043, quoting UCC 1-201[b][21][A]; see Deutsche Bank Natl. Trust Co. v Smartenko, 199 AD3d 643, 644-645).
Here, the plaintiff established, prima facie, that it had standing by demonstrating that it was in physical possession of the note with an allonge specially endorsing the note to it, which was annexed to the summons and complaint at the time the action was commenced (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d at 803; Freedom Mtge. Corp. v King, 215 AD3d 923, 925).
In opposition to the plaintiff's prima facie showing of standing, the defendants failed to raise a triable issue of fact. Since the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362), the validity of an assignment of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Smartenko, 199 AD3d at 645).
Nevertheless, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, as the referee's computation of the [*3]amount due to the plaintiff was not substantially supported by the record. "The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (Bank of N.Y. Mellon v Glasgow, 232 AD3d 754, 755; see U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 936). "'The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute'" (IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d 725, 726, quoting Citimortgage, Inc. v Kidd, 148 AD3d 767, 768).
"[A] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681 [internal quotation marks omitted]; see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d at 727). Moreover, "[c]omputations based upon a review of unidentified and unproduced business records, . . . constitute inadmissible hearsay and lack probative value" (Bank of N.Y. Mellon v Glasgow, 232 AD3d at 755; see U.S. Bank N.A. v Jong Shin, 224 AD3d at 936).
Here, the referee relied on an affidavit of Tom Croft, an "SVP of default" of Carrington Mortgage Services, LLC, attorney-in-fact for the plaintiff. Croft's affidavit was insufficient to establish a proper foundation for the admission of a business record pursuant to CPLR 4518(a), because he failed to attest that he was personally familiar with the record-keeping practices and procedures of his employer or the plaintiff (see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d at 727). Moreover, Croft's computations were "based upon a review of unidentified and unproduced business records" and, consequently, "constitute[d] inadmissible hearsay and lack[ed] probative value" (Bank of N.Y. Mellon v Glasgow, 232 AD3d at 755) on that additional ground. The error in relying on Croft's hearsay evidence was not harmless, as, contrary to the plaintiff's contention, the referee's determination is not substantially supported by any admissible evidence in the record (see IndyMac Fed. Bank, FSB v Vantassell, 187 AD3d at 727; cf. U.S. Bank N.A. v Kaur, 177 AD3d 1016, 1018).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Westchester County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court